United States Bankruptcy Court
Southern District of Texas

**ENTERED**

August 18, 2023

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GENESIS CARE PTY LIMITED, *et al.*,[1] | ) Case No. 23-90614 (DRJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 349** |

**ORDER (I) SETTING THE CLAIMS BAR DATE,
(II) SETTING THE GOVERNMENTAL BAR DATE, (III) SETTING THE
REJECTION DAMAGES BAR DATE, (IV) APPROVING THE FORM AND
MANNER FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(b)(9)
REQUESTS, AND (V) APPROVING NOTICE OF BAR DATES, EACH OF THE
FOREGOING SOLELY AS IT RELATES TO THE RELEVANT DEBTORS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Bar Date Order") (a) setting the Claims Bar Date, (b) setting the Governmental Bar Date, (c) setting the Rejection Damages Bar Date, (d) approving the form and manner for filing such claims, including any requests for payment under section 503(b)(9) of the Bankruptcy Code, and (e) approving notice of the Bar Dates (each as defined herein), each of the foregoing only with respect to the Relevant Debtors listed on the Bar Date Notice (as defined herein); and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/GenesisCare.  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 1419 SE 8th Terrace, Suite 200, Cape Coral, FL 33990.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any; and this Court having determined that the legal and factual bases set forth in support of the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

## I.     The Bar Dates and Procedures for Filing Proofs of Claim.

1.     Each entity[3] that asserts a claim against any of the Relevant Debtors that arose before the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code, shall be required to file an original, written proof of claim (a "<u>Proof of Claim</u>"), substantially in the form attached hereto as **<u>Exhibit 1</u>** (the "<u>Proof of Claim Form</u>") or Official Form 410.[4] Except in the cases of governmental units and certain other exceptions explicitly set forth herein, ***all Proofs of Claim must be filed so that they are actually received on or before***

---

[3]     Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" (including individuals, partnerships, corporations, joint ventures, and trusts) has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4]     Copies of Official Form 410 may be obtained by:  (a) calling the Debtors' restructuring hotline at (833) 744-6948 (US/Canada toll free), +1 (646) 440-4836 (International), +61 (2) 99254385 (Australia) or +44 (20) 45198440 (United Kingdom), (b) emailing GenesisCareInfo@ra.kroll.com, and/or (c) visiting the Debtors' restructuring website at:  https://restructuring.ra.kroll.com/GenesisCare.

*September 29, 2023, at 5:00 p.m., prevailing Central Time (the "Claims Bar Date"), at the addresses and in the form set forth herein.* The Claims Bar Date applies to all types of claims against any of the Relevant Debtors that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the applicable Bar Dates (as defined herein) as set forth in this Bar Date Order.

2. The Debtors and their Claims and Noticing Agent are authorized to take reasonable action to prevent any individual's personally identifiable information from being publicly available on the claims register, including withholding images of such Proofs of Claim from public view.

3. All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) prior to the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file Proofs of Claims, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which any of the Debtors were a party, *so they are actually received on or before November 29, 2023 at 5:00 p.m., prevailing Central Time* (the "Governmental Bar Date"), at the address and in the form set forth herein.

4. Unless otherwise ordered, all entities asserting claims arising from the Relevant Debtors' rejection of executory contracts and unexpired leases shall file a Proof of Claim on account of such rejection by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m. prevailing Central Time on the date that is thirty (30) days following entry of the order approving such rejection of an applicable executory contract or unexpired lease of the Relevant Debtors (the "Rejection Damages Bar Date," together with the Claims Bar Date and the Governmental Bar Date, the "Bar Dates").

5.      All Proofs of Claim must be filed or submitted so as to be ***actually received*** by the Claims and Noticing Agent on or before the applicable Bar Date.  If Proofs of Claim are not received by the Claims and Noticing Agent on or before the applicable Bar Date, the holders of the underlying claims shall be barred from asserting such claims against the Relevant Debtors and precluded from voting on any plans of reorganization filed in these chapter 11 cases and/or receiving distributions from the applicable Debtor on account of such claims in these chapter 11 cases.

6.      The Bar Dates established by this Bar Date Order supersede any bar dates established, filed, noticed, or previously served in these chapter 11 cases.

**I.      Parties Required to File Proofs of Claim.**

7.      The following categories of claimants, in the capacities described below, shall be required to file a Proof of Claim by the Bar Date:

> a.      any entity whose claim against a Relevant Debtor is not listed in the applicable Relevant Debtor's Schedules[5] or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;
>
> b.      any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;
>
> c.      any former or present full-time, part-time, salaried, or hourly employees whose claims relates to any grievance, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, and/or unpaid severance, to the extent grounds for such grievances arose on or prior to the Petition Date; *provided* that current employees of the Relevant Debtors are not required to file a Proof of Claim for wages, commissions, benefits, or severance if an order of the Court

---

[5]    The Debtors anticipate filing the Schedules approximately forty-two (42) days prior to the Claims Bar Date. Creditors may file a Proof of Claim prior to the date the Debtors file the Schedules, in which case the Debtors will reconcile the filed Proof of Claim with the filed Schedules.  Any creditors' filed Proof of Claim will supersede any amount listed on the Schedules.

authorized the Debtors to honor such claim in the ordinary course of business;

d.  any entity that believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Relevant Debtor other than that identified in the Schedules; and

e.  any entity who believes that its claim against a Relevant Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## II.  Parties Not Required to File Proofs of Claim by the Claims Bar Date.

8.  The following categories of claimants, in the capacities described below, shall not be required to file a Proof of Claim by the Bar Date:

a.  the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.  any entity that already has filed a signed Proof of Claim against the applicable Relevant Debtor with the Claims and Noticing Agent in a form substantially similar to Official Form 410 with respect to the claim asserted therein;

c.  any entity whose claim is listed on the Schedules if:  (i) the claim is ***not*** scheduled by the Relevant Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Relevant Debtor against which the claim is listed in the Schedules;[6]

d.  any entity whose claim has previously been allowed by a final order of the Court;

e.  any Debtor having a claim against another Debtor;

f.  any entity whose claim is solely against any non-Debtor affiliates;

g.  any entity whose claim is solely against any Debtor that is not a Relevant Debtor;

---

[6]  In the event such a party does file a Proof of Claim, the filed Proof of Claim will supersede the Schedules.

h. any entity whose claim has been paid in-full pursuant to the Bankruptcy Code or in accordance with a Court order;

i. any counterparty to an executory contract or unexpired lease whose contract or lease has been assumed or assumed and assigned by the Relevant Debtors, solely with respect to claims arising under such contract or lease;

j. a current employee of the Relevant Debtors, if an order of the Court authorized the Relevant Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

k. any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

l. any entity holding a claim for which a separate deadline is fixed by the Court;

m. any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, including any professionals retained by any creditors' committee, or any other statutory committee, that assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330 and 331 of the Bankruptcy Code, but in each case, solely to the extent of such administrative claim(s); *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date;

n. any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 cases, including, without limitation, pursuant to the *Final Order (I) Authorizing The Debtors To (A) Obtain Postpetition Financing, and (B) Use Cash Collateral; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Granting Adequate Protection to the Prepetition Secured Parties; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief* [Docket No. 323] (together with any interim order approving the use of cash collateral and/or postpetition financing, the "DIP Order");

o. any holder of a claim for any fees, expenses, or other obligations arising or payable under the DIP Order;[7] provided, that the DIP Administrative Agent, on behalf of the DIP Agents and the DIP Lenders, and each of the

---

[7] Capitalized terms used in this paragraph have the meanings ascribed to them in the DIP Order.

Prepetition Agents, on behalf of itself and the other Prepetition SFA Secured Parties are authorized and entitled, but not directed or required except as the DIP Administrative Agent may be directed by the Required Lenders and the Prepetition Agents may be directed by the requisite Prepetition SFA Secured Parties, to file (and amend and/or supplement, as the respective agents see fit) a master proof of claim on account of any and all of the respective claims arising under the DIP Term Facility or Prepetition Credit Documents; and

p.    any entity holding an equity interest in any Relevant Debtor, which interest is based exclusively on the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Relevant Debtors, including claims that arise out of or relate to the ownership or purchase of an interest, must file proofs of claim on or before the applicable Relevant Debtors Bar Date unless another exception identified herein applies.

## III.    Requirements for Preparing and Filing Proofs of Claim.

9.    The following requirements shall apply with respect to filing and preparing each

Proof of Claim:

a.    ***Contents***.  Each Proof of Claim must:  (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b.    ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Relevant Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Relevant Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.    ***Electronic Signatures Permitted***.  Only ***original*** Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

d. ***Identification of the Relevant Debtor Entity***.  Each Proof of Claim must clearly identify the specific Relevant Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (No. 23-90614 (DRJ)), or otherwise without identifying a specific Relevant Debtor, will be deemed as filed only against GenesisCare USA Group Holdings Inc.

e. ***Claim Against Multiple Relevant Debtor Entities***.  Each Proof of Claim must state a claim against **only one** Relevant Debtor and clearly indicate the Relevant Debtor against which the claim is asserted.  To the extent more than one Relevant Debtor is listed on the Proof of Claim, such claim will be treated as if filed only against GenesisCare USA Group Holdings Inc.

f. ***Supporting Documentation***.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request.

g. ***Timely Service***.  Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods: (i) electronic submission through PACER (Public Access to Court Electronic Records at https://ecf.txsb.uscourts.gov/), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/GenesisCare, or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be ***actually received*** by the Claims and Noticing Agent on or before the Claims Bar Date, the Governmental Bar Date, or other applicable Bar Date, as applicable, at the following address:

**If by First-Class Mail:**
Genesis Care Pty Limited Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by Hand Delivery or Overnight Courier:**
Genesis Care Pty Limited Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

       h.     ***Receipt of Service***.  Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

10.     Notwithstanding anything to the contrary, the requirements for any Proof of Claim to be filed by the DIP Agent, the other DIP Secured Parties, or the Prepetition Secured Parties (each as defined in the DIP Order) shall be governed by the terms of the DIP Order.

11.     Notwithstanding anything to the contrary in this Bar Date Order, any provision of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, any order of this Court, any Proof of Claim Form or any Bar Date Notice, (a) Zurich American Insurance Company, on behalf of itself and on behalf of all of its affiliates (collectively, "Zurich"), may file a single consolidated Proof of Claim based on the insurance policies issued by Zurich to (or providing coverage to) the Debtors (or their predecessors) and any agreements related thereto (the "Zurich Consolidated Claim") in the chapter 11 case of *Genesis Care Pty Limited*, Case No. 23-90614 (the "Lead Case"), which Zurich Consolidated Claim shall be deemed filed (i) by each and all of Zurich not only in the Lead Case, but also in the chapter 11 case of each of the Debtors and (ii) against each and all of the Debtors (whether or not a Debtor is a Relevant Debtor); (b) as the documents supporting the Zurich Consolidated Claim are voluminous and contain confidential information, the documents supporting the Zurich Consolidated Claim are not required to be filed with, and will not be filed with, the Zurich Consolidated Claim, and a summary of the documents supporting the Zurich Consolidated Claim will be filed with the Zurich Consolidated Claim instead; and (c) for the avoidance of doubt, if one or more bar dates is set in the future with respect to prepetition claims against any Debtor that is not a Relevant Debtor, the Zurich Consolidated Claim filed in accordance with this paragraph shall be, and shall be

deemed to be, the proof of claim required to be filed by any such bar date(s) against any such Relevant Debtor(s), and Zurich shall not be required to file any other proof of claim against any such Relevant Debtor(s). Nothing contained in this paragraph shall be construed as a waiver or modification of any rights, claims or defenses, including, without limitation, Zurich's rights to (a) assert joint and several liability against some or all of the Debtors, (b) modify the Debtor(s) against which the Zurich Consolidated Claim is asserted, and/or (c) amend the amount or nature of the Zurich Consolidated Claim; *provided*, *however*, that the Zurich Consolidated Claim shall not be disallowed, reduced or expunged solely on the basis that the Zurich Consolidated Claim is filed (i) only in the Lead Case and only against Genesis Care Pty Limited (instead of in the bankruptcy cases of each or any of the other Debtors), and/or (ii) only by Zurich American Insurance Company (instead of by each of Zurich American Insurance Company and its U.S.-based affiliated insurers); *provided further*, *however*, that to the extent that Zurich elects to vote and/or opt-in (or opt-out) of any releases in connection with any chapter 11 plan filed by the Debtors, Zurich American Insurance Company, on behalf of itself and on behalf of all of Zurich, may submit a single consolidated ballot and the elections in both or either of such consolidated ballots shall be deemed to apply to all of Zurich.

## IV.    Identification of Known Creditors.

12.    The Debtors shall mail notice of the Claims Bar Date (or the Governmental Bar Date, as applicable) only to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor, as reflected in the Debtors' books and records at such time.

## V.    Procedures for Providing Notice of the Bar Date.

### A.    Mailing of Bar Date Notices.

13.    Pursuant to Bankruptcy Rule 2002(a)(7), either (i) five (5) business days following entry of the Bar Date Order, or (ii) five (5) business days after the Debtors file the Schedules,

whichever is later, the Debtors will cause written notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 2** (the "Bar Date Notice"), and a Proof of Claim Form (collectively, the "Bar Date Package") to be mailed via first-class mail to the following entities:

    a.    the U.S. Trustee for the Southern District of Texas;

    b.    Kramer Levin Naftalis & Frankel LLP, as counsel to the Committee;

    c.    Akin Gump Strauss Hauer & Feld LLP, as counsel to the Ad Hoc Term Lender Group;

    d.    Kroll Agency Services Limited, as DIP agent;

    e.    Sidley Austin LLP, as counsel to the DIP agent;

    f.    Paul, Weiss, Rifkind, Wharton & Garrison LLP, as counsel to KKR & Co. L.P.;

    g.    Ropes & Gray LLP, as counsel to China Resources (Holdings) Co., Ltd.;

    h.    all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

    i.    all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of entry of the date of the Bar Date Order;

    j.    all entities that have filed Proofs of Claim in these chapter 11 cases as of the date of entry of the Bar Date Order;

    k.    all entities who are party to executory contracts and unexpired leases with the Debtors;

    l.    all entities who are party to active litigation with the Debtors;

    m.    all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

    n.    all regulatory authorities that regulate the Debtors' businesses;

    o.    the Office of the Attorney General for the State of Texas and each of the states in which the Debtors conduct business;

    p.    the District Director of the Internal Revenue Service for the Southern District of Texas;

q.  all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

r.  all other entities listed on the Debtors' matrix of creditors;

s.  the United States Securities and Exchange Commission; and

t.  the Office of the United States Attorney for the Southern District of Texas.

14.  Except as set forth in the following sentence, the Debtors shall provide all known creditors listed in the Debtors' Schedules with a personalized Proof of Claim Form, which will set forth:  (a) the identity of the Relevant Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; and (c) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.  The Relevant Debtors' creditors that are listed in the Relevant Debtors' Schedules as contingent, unliquidated, or disputed shall receive a non-personalized Proof of Claim Form.  Each creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is missing, incorrect, or incomplete.  Any creditor may choose to submit a Proof of Claim on a different form as long as it is substantially similar to Official Form 410.

**B.  Supplemental Mailings.**

15.  After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up

to fourteen days in advance of the applicable Bar Date, with any such mailings being deemed timely and such Bar Date being applicable to the recipient creditors.

16.     To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtors shall not be required to mail additional notices to such creditors.

### C.    Publication Notice.

17.     The Debtors shall cause notice of the Claims Bar Date and the Governmental Bar Date to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors.  Specifically, the Debtors shall cause the Bar Date Notice to be published as soon as reasonably practicable after entry of the Bar Date Order, modified for publication in substantially the form attached hereto as **Exhibit 3** (the "Publication Notice"), on one occasion in *The New York Times* (national edition), *The Financial Times* (international edition), and any such other local publications that the Debtors deem appropriate and disclose in the Claims and Noticing Agent's affidavit of service.

18.     Notice of the Bar Dates as set forth in this Bar Date Order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

## VI.    Consequences of Failure to File a Proof of Claim.

19.     Any person or entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors and their chapter 11 estates (or filing a Proof of Claim with respect thereto) and the Debtors and their property and estates shall be

13

forever discharged from any and all indebtedness or liability with respect to or arising from such claim. Without limiting the foregoing sentence, any creditor asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a Proof of Claim in accordance with this Bar Date Order shall not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified on the Schedules as not contingent, not disputed, and liquidated. Such person or entity shall not be treated as a creditor with respect to such claim for any purpose in these chapter 11 cases.

20.    Any such entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any chapter 11 plan filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.

**VII.    Miscellaneous.**

21.    The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

22.    The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of the Bar Date Order.

23.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

24.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

**Signed:  August 18, 2023.**

**DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE**

**Schedule 1**

**The Relevant Debtors**

| Debtor | Case No. |
|---|---|
| GenesisCare USA Group Holdings, Inc. | 23-90622 (DRJ) |
| GenesisCare USA Holdings, Inc. | 23-90641 (DRJ) |
| GenesisCare USA, Inc. | 23-90633 (DRJ) |
| California Radiation Therapy Management Services, Inc. | 23-90625 (DRJ) |
| GenesisCare USA of Florida, LLC | 23-90631 (DRJ) |
| Boynton Beach Real Estate, LLC | 23-90621 (DRJ) |
| GenesisCare USA of South Carolina, LLC | 23-90617 (DRJ) |
| Atlantic Urology Clinics, LLC | 23-90632 (DRJ) |
| Carolina Regional Cancer Center, LLC | 23-90635 (DRJ) |
| New England Radiation Therapy Management Services, Inc. | 23-90616 (DRJ) |
| Maryland Radiation Therapy Management Services, LLC | 23-90648 (DRJ) |
| Berlin Radiation Therapy Treatment Center, LLC | 23-90619 (DRJ) |
| GenesisCare USA of Prince Georges County, Maryland, LLC | 23-90643 (DRJ) |
| North Carolina Radiation Therapy Management Services, LLC | 23-90624 (DRJ) |
| Goldsboro Radiation Therapy Services, LLC | 23-90642 (DRJ) |
| Sampson Accelerator, LLC | 23-90634 (DRJ) |
| GenesisCare USA of Kentucky, LLC | 23-90636 (DRJ) |
| GenesisCare USA Management Services, Inc. | 23-90645 (DRJ) |
| Northwest Cancer Care Management Company, LLC | 23-90640 (DRJ) |
| GenesisCare USA of Alabama, LLC | 23-90647 (DRJ) |
| South County Radiation Therapy, LLC | 23-90638 (DRJ) |
| West Virginia Radiation Therapy Services, Inc. | 23-90652 (DRJ) |
| Asheville CC, LLC | 23-90628 (DRJ) |
| GenesisCare Solutions US LLC | 23-90615 (DRJ) |
| Aurora Technology Development, LLC | 23-90637 (DRJ) |
| GenesisCare US Sponsor, LLC | 23-90618 (DRJ) |
| Delaware Radiation Therapy Management Services, Inc. | 23-90639 (DRJ) |
| GenesisCare USA Services, LLC | 23-90623 (DRJ) |
| U.S. Cancer Care, Inc. | 23-90650 (DRJ) |
| GenesisCare CRO US LLC | 23-90646 (DRJ) |
| GenesisCare USA Southwest Management Holdings, LLC | 23-90627 (DRJ) |
| Cancer Treatment Services Arizona LLC | 23-90630 (DRJ) |
| Oncure Holdings, Inc. | 23-90651 (DRJ) |
| Financial Services of Southwest Florida, LLC | 23-90644 (DRJ) |
| Northwest Baltimore Radiation Therapy Regional Center, LLC | 23-90626 (DRJ) |
| Nevada Radiation Therapy Management Services, Incorporated | 23-90649 (DRJ) |
| Arizona Radiation Therapy Management, Inc. | 23-90620 (DRJ) |
| GenesisCare of Texas, LLC | 23-90613 (DRJ) |

**<u>Exhibit 1</u>**

**Proof of Claim Form**

# United States Bankruptcy Court, Southern District of Texas

**Fill in this information to identify the case (Select only one Debtor per claim form):**

| | | |
|---|---|---|
| ☐ Genesis Care Pty Limited (Case No. 23-90614) | ☐ Genesis Cancer Care WA Pty Limited (Case No. 23-90664) | ☐ GenesisCare USA of South Carolina, LLC (Case No. 23-90617) |
| ☐ Adelaide Radiotherapy Centre Pty. Ltd. (Case No. 23-90658) | ☐ Genesis Care Finance Pty Ltd (Case No. 23-90653) | ☐ GenesisCare USA Services, LLC (Case No. 23-90623) |
| ☐ Arizona Radiation Therapy Management Services, Inc. (Case No. 23-90620) | ☐ Genesis Specialist Care Finance UK Limited (Case No. 23-90654) | ☐ GenesisCare USA Southwest Management Holdings, LLC (Case No. 23-90627) |
| ☐ Asheville CC, LLC (Case No. 23-90628) | ☐ Genesis Specialist Care Holding UK Limited (Case No. 23-90656) | ☐ GenesisCare USA, Inc. (Case No. 23-90633) |
| ☐ Atlantic Urology Clinics, LLC (Case No. 23-90632) | ☐ Genesis Specialist Care Pty Ltd (Case No. 23-90657) | ☐ Goldsboro Radiation Therapy Services, LLC (Case No. 23-90642) |
| ☐ Aurora Technology Development, LLC (Case No. 23-90637) | ☐ Genesis Specialist Care UK Limited (Case No. 23-90665) | ☐ Maryland Radiation Therapy Management Services, LLC (Case No. 23-90648) |
| ☐ Berlin Radiation Therapy Treatment Center, LLC (Case No. 23-90619) | ☐ Genesis Specialist Care UK No 2 Limited (Case No. 23-90655) | ☐ Nevada Radiation Therapy Management Services, Incorporated (Case No. 23-90649) |
| ☐ Boynton Beach Real Estate, LLC (Case No. 23-90621) | ☐ GenesisCare CRO US LLC (Case No. 23-90646) | ☐ New England Radiation Therapy Management Services, Inc. (Case No. 23-90616) |
| ☐ California Radiation Therapy Management Services, Inc. (Case No. 23-90625) | ☐ GenesisCare of Texas, LLC (Case No. 23-90663) | ☐ North Carolina Radiation Therapy Management Services, LLC (Case No. 23-90624) |
| ☐ Cancer Treatment Services Arizona, LLC (Case No. 23-90630) | ☐ GenesisCare Solutions US LLC (Case No. 23-90615) | ☐ Northwest Baltimore Radiation Therapy Regional Center, LLC (Case No. 23-90626) |
| ☐ Carolina Regional Cancer Center, LLC (Case No. 23-90635) | ☐ GenesisCare US Sponsor, LLC (Case No. 23-90636) | ☐ Northwest Cancer Care Management Company, LLC (Case No. 23-90640) |
| ☐ Delaware Radiation Therapy Management Services, Inc. (Case No. 23-90639) | ☐ GenesisCare USA Group Holdings, Inc. (Case No. 23-90622) | ☐ Oncure Holdings, Inc. (Case No. 23-90651) |
| ☐ EMROC Pty. Ltd. (Case No. 23-90660) | ☐ GenesisCare USA Holdings, Inc (Case No. 23-90641) | ☐ Radiation Oncology Associates Pty Limited (Case No. 23-90629) |
| ☐ Financial Services of Southwest Florida, LLC (Case No. 23-90644) | ☐ GenesisCare USA Management Services, Inc. (Case No. 23-90645) | ☐ Sampson Accelerator, LLC (Case No. 23-90634) |
| ☐ Genesis Cancer Care Pty Ltd (Case No. 23-90661) | ☐ GenesisCare USA of Alabama, LLC (Case No. 23-90647) | ☐ South County Radiation Therapy, LLC (Case No. 23-90638) |
| ☐ Genesis Cancer Care QLD Pty Limited (Case No. 23-90655) | ☐ GenesisCare USA of Florida, LLC (Case No. 23-90631) | ☐ U.S. Cancer Care, Inc. (Case No. 23-90650) |
| ☐ Genesis Cancer Care UK Limited (Case No. 23-90662) | ☐ GenesisCare USA of Kentucky, LLC (Case No. 23-90636) | ☐ West Virginia Radiation Therapy Services, Inc. (Case No. 23-90652) |
| ☐ Genesis Cancer Care Victoria Pty Ltd (Case No. 23-90663) | ☐ GenesisCare USA of Prince Georges County, Maryland, LLC (Case No. 23-90643) | |

Modified Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- |
| Name | Name |
| Number        Street | Number        Street |
| City        State        ZIP Code | City        State        ZIP Code |
| Contact phone | Contact phone |
| Contact email | Contact email |

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.   Claim number on court claims registry (if known)_____        Filed on _____
                                                                                            MM / DD    / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

Proof of Claim                                                                                      page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

❑ No

❑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?** $_____. **Does this amount include interest or other charges?**

❑ No

❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

❑ No

❑ Yes. The claim is secured by a lien on property.

**Nature of property:**

❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

❑ Motor vehicle

❑ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

❑ Fixed

❑ Variable

**10. Is this claim based on a lease?**

❑ No

❑ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

❑ No

❑ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be part priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ❏ No |  |
|---|---|---|
|  | ❏ Yes. *Check one:* | **Amount entitled to priority** |
|  | ❏ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
|  | ❏ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
|  | ❏ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
|  | ❏ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
|  | ❏ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
|  | ❏ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
|  | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. |  |
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ❏ No |  |
|  | ❏ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

---

| **Part 3:** | **Sign Below** |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

❏ I am the creditor.

❏ I am the creditor's attorney or authorized agent.

❏ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

❏ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
        MM / DD / YYYY

_____
Signature

**Name of the person who is completing and signing this claim:**

| Name | _____ |
|---|---|
|  | First name        Middle name        Last name |
| Title | _____ |
| Company | _____ |
|  | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | _____ |
|  | Number        Street |
|  | _____ |
|  | City        State        ZIP Code |
| Contact phone | _____        Email _____ |

Modified Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                              12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/GenesisCare.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

If by first class mail:
Genesis Care Pty Limited Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

If by hand delivery, or overnight courier:
Genesis Care Pty Limited Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**You may also file your claim electronically at** https://restructuring.ra.kroll.com/GenesisCare/EPOC-Index.

---

**Do not file these instructions with your form**

**Exhibit 2**

**Proposed Bar Date Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GENESIS CARE PTY LIMITED, *et al.*,[1] | ) | Case No. 23-90614 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF DEADLINES FOR THE FILING OF
## PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
## PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE

**TO:    ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| GenesisCare USA Group Holdings, Inc. | 23-90622 (DRJ) |
| GenesisCare USA Holdings, Inc. | 23-90641 (DRJ) |
| GenesisCare USA, Inc. | 23-90633 (DRJ) |
| California Radiation Therapy Management Services, Inc. | 23-90625 (DRJ) |
| GenesisCare USA of Florida, LLC | 23-90631 (DRJ) |
| Boynton Beach Real Estate, LLC | 23-90621 (DRJ) |
| GenesisCare USA of South Carolina, LLC | 23-90617 (DRJ) |
| Atlantic Urology Clinics, LLC | 23-90632 (DRJ) |
| Carolina Regional Cancer Center, LLC | 23-90635 (DRJ) |
| New England Radiation Therapy Management Services, Inc. | 23-90616 (DRJ) |
| Maryland Radiation Therapy Management Services, LLC | 23-90648 (DRJ) |
| Berlin Radiation Therapy Treatment Center, LLC | 23-90619 (DRJ) |
| GenesisCare USA of Prince Georges County, Maryland, LLC | 23-90643 (DRJ) |
| North Carolina Radiation Therapy Management Services, LLC | 23-90624 (DRJ) |
| Goldsboro Radiation Therapy Services, LLC | 23-90642 (DRJ) |
| Sampson Accelerator, LLC | 23-90634 (DRJ) |
| GenesisCare USA of Kentucky, LLC | 23-90636 (DRJ) |
| GenesisCare USA Management Services, Inc. | 23-90645 (DRJ) |
| Northwest Cancer Care Management Company, LLC | 23-90640 (DRJ) |
| GenesisCare USA of Alabama, LLC | 23-90647 (DRJ) |
| South County Radiation Therapy, LLC | 23-90638 (DRJ) |
| West Virginia Radiation Therapy Services, Inc. | 23-90652 (DRJ) |
| Asheville CC, LLC | 23-90628 (DRJ) |

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/GenesisCare.  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 2270 Colonial Blvd., Fort Myers, FL 33907.

| GenesisCare Solutions US LLC | 23-90615 (DRJ) |
|---|---|
| Aurora Technology Development, LLC | 23-90637 (DRJ) |
| GenesisCare US Sponsor, LLC | 23-90618 (DRJ) |
| Delaware Radiation Therapy Management Services, Inc. | 23-90639 (DRJ) |
| GenesisCare USA Services, LLC | 23-90623 (DRJ) |
| U.S. Cancer Care, Inc. | 23-90650 (DRJ) |
| GenesisCare CRO US LLC | 23-90646 (DRJ) |
| GenesisCare USA Southwest Management Holdings, LLC | 23-90627 (DRJ) |
| Cancer Treatment Services Arizona LLC | 23-90630 (DRJ) |
| Oncure Holdings, Inc. | 23-90651 (DRJ) |
| Financial Services of Southwest Florida, LLC | 23-90644 (DRJ) |
| Northwest Baltimore Radiation Therapy Regional Center, LLC | 23-90626 (DRJ) |
| Nevada Radiation Therapy Management Services, Incorporated | 23-90649 (DRJ) |
| Arizona Radiation Therapy Management, Inc. | 23-90620 (DRJ) |
| GenesisCare of Texas, LLC | 23-90613 (DRJ) |

On June 1, 2023 (the "Petition Date"), each of the debtors and debtors in possession set forth on the schedule immediately above (collectively, the "Relevant Debtors") and certain of their affiliates (collectively with the Relevant Debtors, the "Debtors"), each filed a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

On [●], 2023 the Court entered an order [Docket No. [●]] (the "Bar Date Order")[2] establishing certain dates by which parties holding prepetition claims against the Relevant Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("Proofs of Claim").

For your convenience, enclosed with this notice (this "Notice") is a Proof of Claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Relevant Debtors' schedules of assets and liabilities filed in these cases (the "Schedules"). If the Debtors believe that you hold claims against more than one Relevant Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against one or more of the Relevant Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.    THE BAR DATES.

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases (the "Bar Dates").

a.    ***The Claims Bar Date***.  Pursuant to the Bar Date Order, except as described below, all entities (except governmental units) holding claims against the Relevant Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, ***including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, are required to file Proofs of Claim by September 29, 2023, at 5:00 p.m., prevailing Central Time***.  Except as expressly set forth in this Notice and the Bar Date Order, the Claims Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

b.    ***The Governmental Bar Date***.  Pursuant to the Bar Date Order, ***all governmental units holding claims against the*** Relevant ***Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file Proofs of Claim by the Governmental Bar Date (i.e., by November 29, 2023, at 5:00 p.m, prevailing Central Time)***.  The Governmental Bar Date applies to all governmental units holding claims against the Relevant Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Relevant Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

c.    ***The Rejection Damages Bar Date***.  Pursuant to the Bar Date Order, all entities holding claims arising from the Relevant Debtors' rejection of executory contracts and unexpired leases are required to file Proofs of Claim by the Rejection Damages Bar Date, (*i.e.*, by the date that is ***the later of (i) the Claims Bar Date or the Governmental Bar Date***, as applicable, and ***(ii) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days following entry of the order approving the rejection of the applicable executory contract or unexpired lease*** of the Relevant Debtors).

**THE BAR DATES ESTABLISHED BY THE BAR DATE ORDER AND REFERENCED IN THIS NOTICE SUPERSEDE ANY BAR DATES ESTABLISHED, FILED, NOTICED, OR PREVIOUSLY SERVED IN THESE CHAPTER 11 CASES.**

## II.    WHO MUST FILE A PROOF OF CLAIM.

Except as otherwise set forth herein, the following entities holding claims against the Relevant Debtors that arose (or that are deemed to have arisen) prior to the Petition Date ***must*** file Proofs of Claim on or before the Claims Bar Date, the Governmental Bar Date, or any other applicable bar date set forth in the Bar Date Order, as applicable:

a. any entity whose claim against a Relevant Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b. any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c. any former or present full-time, part-time, salaried, or hourly employees whose claim relates to any grievance, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, and/or unpaid severance, to the extent grounds for such grievances arose on or prior to the Petition Date; *provided* that current employees of the Debtors are not required to file a Proof of Claim for wages, commissions, benefits, or severance if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business;

d. any entity that believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Relevant Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

e. any entity who believes that its claim against a Relevant Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.    PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM.

Certain parties are not required to file Proofs of Claim. The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. The following entities holding claims that would otherwise be subject to the Bar Dates, in the capacities described below, need *not* file Proofs of Claims:

a. the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b. any entity that already has filed a signed Proof of Claim against the applicable Relevant Debtor with the Claims and Noticing Agent in a form substantially similar to Official Form 410 with respect to the claim asserted therein;

c. any entity whose claim is listed on the Schedules if: (i) the claim is *not* scheduled by the Relevant Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Relevant Debtor against which the claim is listed in the Schedules;[3]

---

[3] In the event such a party does file a Proof of Claim, the filed Proof of Claim will supersede the Schedules.

d.      any entity whose claim has previously been allowed by a final order of the Court;

e.      any Debtor having a claim against another Debtor;

f.      any entity whose claim is solely against any non-Debtor affiliates;

g.      any entity whose claim is solely against any Debtor that is not a Relevant Debtor;

h.      any entity whose claim has been paid in-full pursuant to the Bankruptcy Code or in accordance with a Court order;

i.      any counterparty to an executory contract or unexpired lease whose contract or lease has been assumed or assumed and assigned by the Relevant Debtors, solely with respect to claims arising under such contract or lease;

j.      a current employee of the Relevant Debtors, if an order of the Court authorized the Relevant Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

k.      any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

l.      any entity holding a claim for which a separate deadline is fixed by the Court;

m.      any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, including any professionals retained by any creditors' committee, or any other statutory committee, that assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330 and 331 of the Bankruptcy Code, but in each case, solely to the extent of such administrative claim(s); *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date;

n.      any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 cases, including, without limitation, pursuant to the *Final Order (I) Authorizing The Debtors To (A) Obtain Postpetition Financing, and (B) Use Cash Collateral; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Granting Adequate Protection to the Prepetition Secured Parties; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief* [Docket No. 323] (together with any interim order approving the use of cash collateral and/or postpetition financing, the "DIP Order");

o.  any holder of a claim for any fees, expenses, or other obligations arising or payable under the DIP Order;[4] provided, that the DIP Administrative Agent, on behalf of the DIP Agents and the DIP Lenders, and each of the Prepetition Agents, on behalf of itself and the other Prepetition SFA Secured Parties are authorized and entitled, but not directed or required except as the DIP Administrative Agent may be directed by the Required Lenders and the Prepetition Agents may be directed by the requisite Prepetition SFA Secured Parties, to file (and amend and/or supplement, as the respective agents see fit) a master proof of claim on account of any and all of the respective claims arising under the DIP Term Facility or Prepetition Credit Documents; and

p.  any entity holding an equity interest in any Relevant Debtor, which interest is based exclusively on the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Relevant Debtors, including claims that arise out of or relate to the ownership or purchase of an interest, must file proofs of claim on or before the applicable Relevant Debtors Bar Date unless another exception identified herein applies.

## IV.  INSTRUCTIONS FOR FILING PROOFS OF CLAIM.

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.  ***Contents***.  Each Proof of Claim must:  (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b.  ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also:  (i) include the value of the goods delivered to and received by the Relevant Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Relevant Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.  ***Electronic Signatures Permitted***.  Only ***original*** Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

---

[4]  Capitalized terms used in this paragraph have the meanings ascribed to them in the DIP Order.

d.  ***Identification of the Relevant Debtor Entity***.  Each Proof of Claim must clearly identify the specific Relevant Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (No. 23-90614 (DRJ)), or otherwise without identifying a specific Relevant Debtor, will be deemed as filed only against GenesisCare USA Group Holdings Inc.

e.  ***Claim Against Multiple Relevant Debtor Entities***.  Each Proof of Claim must state a claim against ***only one*** Relevant Debtor and clearly indicate the Relevant Debtor against which the claim is asserted.  To the extent more than one Relevant Debtor is listed on the Proof of Claim, such claim will be treated as if filed only against GenesisCare USA Group Holdings Inc.

f.  ***Supporting Documentation***.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request.

g.  ***Timely Service***.  Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods:  (i) electronic submission through PACER (Public Access to Court Electronic Records at https://ecf.txsb.uscourts.gov/), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/GenesisCare, or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be ***actually received*** by the Claims and Noticing Agent on or before the Claims Bar Date, the Governmental Bar Date, or other applicable Bar Date, as applicable, at the following address:

**If by First-Class Mail:**
Genesis Care Pty Limited Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by Hand Delivery or Overnight Courier:**
Genesis Care Pty Limited Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.  ***Receipt of Service***.  Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received

7

by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

Notwithstanding anything to the contrary, the requirements for any Proof of Claim to be filed by the DIP Agent, the other DIP Secured Parties, or the Prepetition Secured Parties (each as defined in the DIP Order) shall be governed by the terms of the DIP Order.

## V. CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

a. YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE RELEVANT DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

b. THE RELEVANT DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

c. YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

d. YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE RELEVANT DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI. RESERVATION OF RIGHTS.

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## VII. THE DEBTORS' SCHEDULES AND ACCESS THERETO.

You may be listed as the holder of a claim against one or more of the Relevant Debtors in the Debtors' Schedules. To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim forms regarding the nature, amount, and status of your claim(s), if any. If the Debtors believe that you may hold claims against more than one Relevant Debtor entity, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim against one Relevant Debtor entity, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules. However, you may rely on the enclosed form, which: (a) sets forth the

amount of your claim (if any) as scheduled; (b) identifies the Relevant Debtor entity against which it is scheduled; (c) specifies whether your claim is listed in the Schedules as disputed, contingent, or unliquidated; and (d) identifies whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Relevant Debtors' Schedules, and if you do not dispute that your claim is only against the Relevant Debtor specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need **not** file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## VIII. ADDITIONAL INFORMATION.

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on the Debtors' website at https://restructuring.ra.kroll.com/GenesisCare. The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at https://ecf.txsb.uscourts.gov/. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 8:00 a.m. and 5:00 p.m., prevailing Central Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.

If you require additional information regarding the filing of a Proof of Claim, you may (a) contact the Debtors' restructuring hotline at: (833) 744-6948 (US/Canada toll free), +1 (646) 440-4836 (International), +61 (2) 99254385 (Australia) or +44 (20) 45198440 (United Kingdom), (b) email GenesisCareInfo@ra.kroll.com, and/or (c) visit the Debtors' restructuring website at: https://restructuring.ra.kroll.com/GenesisCare.

> **A HOLDER OF A POSSIBLE CLAIM AGAINST THE RELEVANT DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

**<u>Exhibit 3</u>**

**Proposed Publication Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GENESIS CARE PTY LIMITED, *et al.*,[1] | ) Case No. 23-90614 (DRJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## NOTICE OF DEADLINES FOR THE FILING OF
## PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
## PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE

> **THE CLAIMS BAR DATE IS SEPTEMBER 29, 2023, AT 5:00 P.M. (PREVAILING CENTRAL TIME)**
>
> **THE GOVERNMENTAL BAR DATE IS NOVEMBER 29, 2023, AT 5:00 P.M. (PREVAILING CENTRAL TIME)**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

*Deadlines for Filing Proofs of Claim*.  On [●], 2023, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code ("Proofs of Claim"), in these chapter 11 cases of the following debtors and debtors in possession (collectively, the "Relevant Debtors"):

| DEBTOR | CASE NO. |
|---|---|
| GenesisCare USA Group Holdings, Inc. | 23-90622 (DRJ) |
| GenesisCare USA Holdings, Inc. | 23-90641 (DRJ) |
| GenesisCare USA, Inc. | 23-90633 (DRJ) |
| California Radiation Therapy Management Services, Inc. | 23-90625 (DRJ) |
| GenesisCare USA of Florida, LLC | 23-90631 (DRJ) |
| Boynton Beach Real Estate, LLC | 23-90621 (DRJ) |
| GenesisCare USA of South Carolina, LLC | 23-90617 (DRJ) |
| Atlantic Urology Clinics, LLC | 23-90632 (DRJ) |
| Carolina Regional Cancer Center, LLC | 23-90635 (DRJ) |
| New England Radiation Therapy Management Services, Inc. | 23-90616 (DRJ) |

---

[1]    A complete list of each of the debtors in these chapter 11 cases (collectively, the "Debtors") may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/GenesisCare. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 2270 Colonial Blvd., Fort Myers, FL 33907.

| DEBTOR | CASE NO. |
|---|---|
| Maryland Radiation Therapy Management Services, LLC | 23-90648 (DRJ) |
| Berlin Radiation Therapy Treatment Center, LLC | 23-90619 (DRJ) |
| GenesisCare USA of Prince Georges County, Maryland, LLC | 23-90643 (DRJ) |
| North Carolina Radiation Therapy Management Services, LLC | 23-90624 (DRJ) |
| Goldsboro Radiation Therapy Services, LLC | 23-90642 (DRJ) |
| Sampson Accelerator, LLC | 23-90634 (DRJ) |
| GenesisCare USA of Kentucky, LLC | 23-90636 (DRJ) |
| GenesisCare USA Management Services, Inc. | 23-90645 (DRJ) |
| Northwest Cancer Care Management Company, LLC | 23-90640 (DRJ) |
| GenesisCare USA of Alabama, LLC | 23-90647 (DRJ) |
| South County Radiation Therapy, LLC | 23-90638 (DRJ) |
| West Virginia Radiation Therapy Services, Inc. | 23-90652 (DRJ) |
| Asheville CC, LLC | 23-90628 (DRJ) |
| GenesisCare Solutions US LLC | 23-90615 (DRJ) |
| Aurora Technology Development, LLC | 23-90637 (DRJ) |
| GenesisCare US Sponsor, LLC | 23-90618 (DRJ) |
| Delaware Radiation Therapy Management Services, Inc. | 23-90639 (DRJ) |
| GenesisCare USA Services, LLC | 23-90623 (DRJ) |
| U.S. Cancer Care, Inc. | 23-90650 (DRJ) |
| GenesisCare CRO US LLC | 23-90646 (DRJ) |
| GenesisCare USA Southwest Management Holdings, LLC | 23-90627 (DRJ) |
| Cancer Treatment Services Arizona LLC | 23-90630 (DRJ) |
| Oncure Holdings, Inc. | 23-90651 (DRJ) |
| Financial Services of Southwest Florida, LLC | 23-90644 (DRJ) |
| Northwest Baltimore Radiation Therapy Regional Center, LLC | 23-90626 (DRJ) |
| Nevada Radiation Therapy Management Services, Incorporated | 23-90649 (DRJ) |
| Arizona Radiation Therapy Management, Inc. | 23-90620 (DRJ) |
| GenesisCare of Texas, LLC | 23-90613 (DRJ) |

*The Bar Dates*. Pursuant to the Bar Date Order, *all* entities (except governmental units), including individuals, partnerships, estates, and trusts that have a claim or potential claim against the Relevant Debtors that arose prior to June 1, 2023, no matter how remote or contingent such right to payment or equitable remedy may be, *including* requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM on or before *September 29, 2023, at 5:00 p.m., prevailing Central Time (the "Claims Bar Date")*.[2] Governmental entities that have a claim or potential claim against the Relevant Debtors that arose prior to February 8, 2023, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before *November 29, 2023, at 5:00 p.m., prevailing Central Time (the "Governmental Bar Date")*. All entities holding claims

[2]  The Debtors anticipate filing the Schedules approximately forty-two (42) days prior to the Claims Bar Date. Creditors may file a Proof of Claim prior to the date the Debtors file the Schedules, in which case the Debtors will reconcile the filed Proof of Claim with the filed Schedules. Any creditors' filed Proof of Claim will supersede any amount listed on the Schedules.

arising from the Relevant Debtors' rejection of executory contracts and unexpired leases are required to file Proofs of Claim by **the date that is the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) the date that is thirty (30) days following entry of the order approving the Relevant Debtors' rejection of the applicable executory contract or unexpired lease (the "<u>Rejection Damages Bar Date</u>")**.

**THE BAR DATES ESTABLISHED BY THE BAR DATE ORDER AND REFERENCED IN THIS NOTICE SUPERSEDE ANY BAR DATES ESTABLISHED, FILED, NOTICED, OR PREVIOUSLY SERVED IN THESE CHAPTER 11 CASES.**

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE, ON OR BEFORE THE CLAIMS BAR DATE OR THE GOVERNMENTAL BAR DATE, AS APPLICABLE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

*Filing a Proof of Claim*.  Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods:  (a) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov/), (b) electronic submission using the interface available on the Claims and Noticing Agent's website at  https://restructuring.ra.kroll.com/GenesisCare, or (c) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be *actually received* by the Claims and Noticing Agent on or before the Claims Bar Date, the Governmental Bar Date, or any other applicable Bar Date, as applicable at the following address:

**If by First-Class Mail:**
Genesis Care Pty Limited Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by Hand Delivery or Overnight Courier:**
Genesis Care Pty Limited Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

*Contents of Proofs of Claim*.  Each Proof of Claim must:  (a) be written in legible English; (b) include a claim amount denominated in United States dollars; (c) clearly identify the specific Debtor against which the claim is asserted; (d) conform substantially with the Proof of Claim form provided by the Debtors or Official Form 410; (e) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink; and (f) include as attachments any and all supporting documentation on which the claim is based.  *Please note* that each Proof of Claim must state a claim against only one Relevant Debtor and clearly indicate the specific Relevant Debtor against which the claim is asserted.  To the extent more than one Relevant Debtor is listed on the Proof of

Claim, a Proof of Claim is treated as if filed only against GenesisCare USA Group Holdings Inc., or if a Proof of Claim is otherwise filed without identifying a specific Debtor, the Proof of Claim may be deemed as filed only against GenesisCare USA Group Holdings Inc.

      ***Electronic Signatures Permitted***.  Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

      ***Section 503(b)(9) Requests for Payment***.  Any Proof of Claim that asserts a right to payment arising under section 503(b)(9) of the Bankruptcy Code must also:  (a) include the value of the goods delivered to and received by the Relevant Debtors in the twenty (20) days prior to the Petition Date; (b) attach any documentation identifying the particular invoices for which such claim is being asserted; and (c) attach documentation of any reclamation demand made to the Relevant Debtors under section 546(c) of the Bankruptcy Code (if applicable).

      ***Additional Information***.  If you have any questions regarding the claims process and/or you wish to obtain a copy of the Bar Date Notice, a proof of claim form or related documents you may do so by (a) contacting the Debtors' restructuring hotline at:  (833) 744-6948 (US/Canada toll free), +1 (646) 440-4836 (International), +61 (2) 99254385 (Australia) or +44 (20) 45198440 (United Kingdom), (b) emailing GenesisCareInfo@ra.kroll.com, and/or (c) visiting the Debtors' restructuring website at:  https://restructuring.ra.kroll.com/GenesisCare.