IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| GENESIS CARE PTY LIMITED, et al.,[1] | § | |
| | § | Case No. 23-90614 (DRJ) |
| Debtors. | § | |
| | § | (Jointly Administered) |

**COASTAL RADIATION ONCOLOGY MEDICAL GROUP, A CALIFORNIA
PROFESSIONAL MEDICAL CORPORATION'S**
*CORRECTED AND AMENDED*
<u>LIMITED, PRELIMINARY, AND PROVISIONAL OBJECTION TO AND
RESERVATION OF RIGHTS WITH RESPECT TO JOINT PLAN OF
REORGANIZATION AND RELATED SALES, ASSUMPTIONS OF
CONTRACTS, AND ASSIGNMENT OF CONTRACTS</u>
[Relates to Dkt. Nos. 1024 and 1043 through and including 1046]

Coastal Radiation Oncology Medical Group, a California professional medical corporation ("Coastal"), by and through its undersigned counsel, files this *Amended and Corrected* Limited, Preliminary, and Provisional Objection to and Reservation of Rights with Respect to Joint Plan of Reorganization (Dkt. 1024) and Related Sales, Assumptions of Contracts, and Assignment of Contracts (Dkts. 1043 through and including 1046) (the "Objection"), and in support hereof, states:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/GenesisCare. The location of Debtor's principal place of business and the Debtors' service address in these chapter 11 cases is: 2270 Colonial Blvd., Fort Myers, FL 33907.

## I. JURISDICTION AND VENUE

1. As to plan confirmation, cure of contractual defaults, contract assumption, and contract assignment, this Court has appropriate jurisdiction and a proper delegation of authority to consider such matters.

2. Coastal does not contest venue as to these cases or the foregoing enumerated matters in the Southern District of Texas, Houston Division.

3. As to any other matters, Coastal reserves its rights relating to jurisdiction, delegation of authority, and venue.

## II. BACKGROUND

4. On June 1, 2018, Coastal, debtor U.S. Cancer Care, Inc. ("USCC") and USCC's then parent, Oncure Medical Corp., Inc. ("Oncure Medical"), entered into a Management Services Agreement (the "MSA").

5. The purpose of the MSA is to establish a contractual relationship between Coastal and Debtor for Debtor's provision of technical clinical services, equipment (including linear accelerators), essential non-professional personnel, and management services (including billing and collections) to Coastal. The MSA covers Coastal's medical services in each of its existing cancer care clinics. These clinics are located in Salinas, Templeton, San Luis Obispo, Santa Maria, Lompoc, Ventura, Thousand Oaks, and Simi Valley, California (collectively, the "Clinics").

6. Under the terms of the MSA, Coastal is the exclusive provider of professional radiation oncology services to the Clinics. USCC is obligated to provide non-professional staff for the Clinics (many of whom are highly specialized and trained employees, such as physicists), equipment furnishings, supplies, inventory, maintenance and repair of highly specialized machinery and equipment (including nuclear equipment regulatory procedures), billings and

**COASTAL RADIATION ONCOLOGY MEDICAL GROUP, A CALIFORNIA PROFESSIONAL MEDICAL CORPORATION'S** *CORRECTED AND AMENDED* **LIMITED, PRELIMINARY, AND PROVISIONAL OBJECTION TO AND RESERVATION OF RIGHTS WITH RESPECT TO JOINT PLAN OF REORGANIZATION AND RELATED SALES, ASSUMPTIONS OF CONTRACTS, AND ASSIGNMENT OF CONTRACTS**   Page 2 of 9

collections in direct support of Coastal's medical practice. Coastal has practiced radiation oncology on the Central Coast of California on a continual basis for over 55 years.

7. Without the services to be supplied to the Clinics by Debtor and its affiliates under the terms and conditions of the MSA, Coastal's ability to provide radiation oncology treatments to hundreds of existing patients for cancer and other serious medical conditions would not be possible.

8. Additionally, Coastal bargained for and obtained several essential covenants and conditions in the MSA at the time it was executed. It is Coastal's position that the preservation of these covenants and conditions are essential to allow for the high standard of care delivered by Coastal to its patients of the Clinics.

9. Coastal's concern for the quality and continuity of care for its patients is a prime motivator for the filing of this Limited Objection.

### III.  LIMITED AND PROVISIONAL OBJECTIONS

**A.**   **OBJECTIONS TO THE PLAN, CONFIRMATION ORDER, AND RELATED PROCEDURES**

10. As it may be adapted to Coastal, its facilities, its contracts, and to other arrangements and contracts integral to Coastal's facilities and operations, Coastal respectfully adopts as its own, by reference and without fully restating, the previously filed *Simi Valley Hospital & Health Care Services' Limited Objection and Reservation of Rights Regarding the Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code (Technical Modifications)* [Dkt. 1122]

**B.     OBJECTIONS TO ANY PROPOSED SALES, ASSUMPTIONS, AND ASSIGNMENTS OF COASTAL RELATED PROPERTIES OR CONTRACTS, INCLUDING CONTRACTS INTEGRAL TO COASTALS OPERATIONS**

11.     By very recent pleadings, Debtors appear to state an intent to assume and perhaps assign to some third-party or parties certain of the contracts related to Coastal's facilities and operations (the "Proposed Transactions").  See, Dkt. 1043 through and including 1046, and see Background, paragraphs 4 through 9 above.

12.     Specifically, these recent pleadings refer to assignment of existing agreements applicable to the Simi Valley and Salinas Clinics, and leases applicable to the Templeton and San Luis Obispo Clinics.

13.     The referenced contracts for Simi Valley and Salinas involve hospital facilities used to operate the subject Clinic and, in essence, serve as integrated agreements to the provision of professional services and Clinic operations under the MSA, and function only under its umbrella. They are not subject to separate assumption, cure, or assignment without concurrent assumption, cure, and assignment (with Coastal's consent) of the MSA itself.  Moreover, without Coastal, there is no professional component to practice radiation oncology in the subject Clinics (Salinas and Simi Valley), as Coastal is the exclusive provider of radiation oncology services in each of the Clinics pursuant to the MSA.

14.     The leases for Templeton and San Luis Obispo are between the Debtors and each property's owner.  However, assumption, cure, and assignment thereof is meaningless without concurrent assumption, cure, and assignment of the underlying MSA.

15.     Without limitation, Coastal's Limited Objections to the sale, cure, assumption, and assignment aspects of the subject transactions include:

**COASTAL RADIATION ONCOLOGY MEDICAL GROUP, A CALIFORNIA PROFESSIONAL MEDICAL CORPORATION'S** *CORRECTED AND AMENDED* **LIMITED, PRELIMINARY, AND PROVISIONAL OBJECTION TO AND RESERVATION OF RIGHTS WITH RESPECT TO JOINT PLAN OF REORGANIZATION AND RELATED SALES, ASSUMPTIONS OF CONTRACTS, AND ASSIGNMENT OF CONTRACTS**          Page 4 of 9

a. The Proposed Transactions should not be approved in their current form because they do not provide a comprehensible, coherent plan for the continuity of adequate patient care for hundreds if not thousands of critically ill cancer patients who are currently undergoing or about to undergo intricate and time-sensitive treatments.

b. The Proposed Transactions should not be approved in their current form because they improperly "cherry pick" among integrated agreements that are legally non-segregable and that functionally do not function in a "stand-alone" manner, in contravention of other existing, integrated agreements and master agreements.

c. The Proposed Transactions should not be approved in their current form because any proposed cure of defaults is not clearly stated or, to the extent stated, is not adequate to address the extent of current defaults and inevitably ensuing defaults.

d. The Proposed Transactions should not be approved in their current form because (i) the subject contracts cannot be assigned without Coastal's consents, which have not yet been given, and (ii) the identity of the assignee(s) – essential in the context of providing ongoing patient care to the required standard of care – is not stated or, alternatively, any identification of the assignee(s) is lacking sufficient detail (e.g., the identity, reputation, ability, and financial wherewithal of any such bidder). Coastal believes and asserts that its consents to any such assignments are required, and such consents have not and cannot be given at this time absent an adequate information and opportunity to assess.

**COASTAL RADIATION ONCOLOGY MEDICAL GROUP, A CALIFORNIA PROFESSIONAL MEDICAL CORPORATION'S** *CORRECTED AND AMENDED* **LIMITED, PRELIMINARY, AND PROVISIONAL OBJECTION TO AND RESERVATION OF RIGHTS WITH RESPECT TO JOINT PLAN OF REORGANIZATION AND RELATED SALES, ASSUMPTIONS OF CONTRACTS, AND ASSIGNMENT OF CONTRACTS**    Page 5 of 9

e.  The Proposed Transactions should not be approved in their current form because no information or inadequate information is provided concerning the proposed assignee's ability to provide adequate assurance of future performance.

16. Coastal does not necessarily oppose a negotiated, workable resolution, which might conceivably include one or more transactions between the Debtors, Coastal, and third-party purchasers, but to date such negotiations have not reached any substantive level of development.

### IV. OTHER

17. The foregoing Limited Objections to the Plan and Confirmation Order should, as appropriate, also be construed and treated as objections to the Proposed Transactions and vice versa.

18. Coastal reserves the right to supplement and amend these Limited Objections and to advance other and further objections as further facts and proposals come to light.

19. Debtors do not yet propose any disposition of the MSA itself or of the numerous other Coastal locations not referenced above. Coastal expressly reserves all of its rights with respect to assumption, rejection, cure, or assignment of any and all such contracts and facilities. Without limitation, in the event of any proposed rejections, Coastal reserves all of its rights as may be recognized in or that may arise as a result of *__Mission Products Holdings, Inc. v. Tempnology__*, LLC, 587 U.S. ___, 139 S. 1652 (2019).

20. Coastal does not necessarily oppose any and all negotiated resolutions of the foregoing or sales (via assumption, cure, and assignment) of some or all of its facilities, contracts, or related contracts. However, approvals of any such transactions must follow full disclosure, must in substance be workable from a business, financial, and operational standpoint, and (most

**COASTAL RADIATION ONCOLOGY MEDICAL GROUP, A CALIFORNIA PROFESSIONAL MEDICAL CORPORATION'S** *CORRECTED AND AMENDED* **LIMITED, PRELIMINARY, AND PROVISIONAL OBJECTION TO AND RESERVATION OF RIGHTS WITH RESPECT TO JOINT PLAN OF REORGANIZATION AND RELATED SALES, ASSUMPTIONS OF CONTRACTS, AND ASSIGNMENT OF CONTRACTS**     **Page 6 of 9**

importantly) must accommodate the continued, appropriate, high level of care required for Coastal's many patients.

21. Coastal is generally aware that a subset of its doctors have advanced a proposal to acquire some, but perhaps not all, of Coastal's facilities and contracts. However, at present, Coastal itself is not (and its shareholder/directors outside of that subset are not) presently informed of the particulars of any such proposals. Coastal does not necessarily oppose such proposals or, for that matter, proposals by other third parties. Nonetheless, Coastal must be adequately informed in each case of the essential details of any such proposal, including without limitation the identity, reputation, ability, and financial wherewithal of any such bidder, prior to giving its required consents.

## V. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, the Coastal Radiation respectfully requests that the Court sustain the foregoing Limited Objections.

Dated: November 17, 2023

Respectfully submitted,

 */s/  J. Michael Sutherland*
J. Michael Sutherland
  Texas Bar No. 19524200
  Southern District Admin. No. 13736
Mark A. Castillo
  Texas State Bar No. 24027795
  Southern District Admin. No. 31520
Robert C. Rowe
  Texas State Bar No. 24086253
  Southern District Admin. No. 3782278
**CARRINGTON, COLEMAN, SLOMAN**
 **& BLUMENTHAL, L.L.P.**
901 Main St., Suite 5500
Dallas, TX  75202
Telephone:     214-855-3000
Email:          mutherland@ccsb.com
              markcastillo@ccsb.com
              rrowe@ccsb.com

*Texas Counsel for Coastal Radiation Oncology Medical Group, a California professional medical corporation*

and

J. Todd Mirolla
**PALMER HUNTER & HALL**
One Wilshire Building
624 S. Grand Avenue, Suite 2200
Los Angeles, CA  90017
Telephone:     213-629-8704
Email:          todd@palmerhunter.com

Admitted Pro Hac Vice

*Lead Counsel for Coastal Radiation Oncology Medical Group, a California professional medical corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on all parties receiving ECF-Notice in this case, on this 17th day of November 2023.

 /s/ *J. Michael Sutherland*
J. Michael Sutherland