IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>GENESIS CARE PTY LIMITED, *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 23-90614 (MI)<br>)<br>) (Jointly Administered)<br>) |

**CURE OBJECTION AND RESERVATION OF RIGHTS OF RUTHERFORD
MEDICAL OFFICES, LLC TO PROPOSED CURE AMOUNT
WITH RESPECT TO UNEXPIRED LEASE**

Rutherford Medical Offices, LLC ("Landlord"), by its undersigned counsel, respectfully files this cure objection and reservation of rights (the "Cure Objection") to proposed cure amount with respect to unexpired lease. In support of the Cure Objection, Landlord respectfully states as follows:

## BACKGROUND

**A.     The Bankruptcy Case**

2.     On June 1, 2023 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3.     On September 8, 2023, the Debtors filed Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code (Doc. No. 705) (the "Plan"). The Plan defines the "Cure/Assumption Objection Deadline" as follows:

> the date that is 14 days after Filing of the Assumed
> Executory Contracts and Unexpired Leases Schedule and

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/GenesisCare. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 1419 SE 8th Terrace, Suite 200, Cape Coral, Florida 33990.

> service of the Cure Notice; provided that if any Executory Contract or Unexpired Lease is added to the Assumed Executory Contracts and Unexpired Leases Schedule Case after the Filing of the initial Assumed Executory Contracts and Unexpired Leases Schedule, or an Executory Contract or Unexpired Lease proposed to be assumed by the Debtors is proposed to be assigned to a third party after the Filing of the initial Assumed Executory Contracts and Unexpired Leases Schedule, then the Cure/Assumption Objection Deadline with respect to such Executory Contract or Unexpired Lease shall be <u>the **earlier** of (a) 14 days after service of the amended Assumed Executory Contracts and Unexpired Leases Schedule with such modification and (b) the date of the scheduled Confirmation Hearing, as applicable</u>.

Plan, Article I, A., § 59 (emphasis added).

4. On November 13, 2023, the Debtors filed Notice of Filing of First Amended Plan Supplement (Doc. No. 1044) (the "<u>First Amended Plan Supplement</u>"). The First Amended Plan Supplement provides that:

> the deadline for filing objections to the Debtors' proposed . . . cure amount(s) with respect to . . . Unexpired Leases shall be <u>the **later** of (a) the Plan and Disclosure Statement Deadline, or (b) 4:00 p.m., prevailing Central Time, on the date that is 14 days after the Debtors file the first applicable schedule proposing to assume or reject such . . . Unexpired Lease</u>.

First Amended Plan Supplement, p. 2 (emphasis added).

**B. Lease**

5. Prior to the Petition Date, Landlord entered into a lease agreement (the "<u>Lease</u>") with Debtor North Carolina Radiation Therapy Management Services, LLC or its predecessors (the "<u>Debtor</u>") with respect to property located at 171 Daniel Road, Forest City, North Carolina 28043 (the "<u>Premises</u>").

6. On September 27, 2023, Landlord timely filed a proof of claim in the amount of $14,107.89 (the "<u>Proof of Claim</u>"). See Proof of Claim, attached hereto as **Exhibit A**.

2

**OBJECTION**

7. By the First Amended Plan Supplement, the Debtor has indicated it seeks to assume the Lease *for the first time*. Landlord objects to the Debtor's proposed cure amount with respect to the Lease. As set forth in the Proof of Claim, the Debtor is currently in default under the Lease in the amount of **$37,808.32** (the "Correct Cure Amount").[2] This amount includes the amounts asserted in the Proof of Claim along with unpaid accelerated postpetition rent arising under the Lease in the amount of $21,200.43.

8. Section 365(b) requires that before a debtor may assume an unexpired lease, it must cure all defaults under the agreement. In particular, § 365(b)(1) provides: "If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—(A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ." 11 U.S.C. § 365(b)(1).

9. Here, the Debtor has failed to identify any "cure amount" (the "Proposed Cure Amount") with respect to the Lease. The Debtor must pay the Correct Cure Amount in full if the Lease is to be assumed. In short, Landlord objects to the assumption of the Lease unless the Debtor fully complies with all of the requirements of the Bankruptcy Code, including § 365(b).

10. Additionally, the Proposed Cure Amount does not include amounts that may become due under the Lease after the date of the assumption that relate to the pre-assumption period (i.e., real estate taxes, etc.). Any proposed Order establishing a cure amount in connection with the assumption of the Lease must provide for the payment of all charges. Further, there may also be unknown and/or unasserted claims that may exist presently or may

---

[2] This amount includes attorneys' fees as provided for under the Lease in the estimated amount of $2,500. *See In re Crown Brooks Corp.*, 269 B.R. 12, 14-15 (Bankr. D. Del. 2001); *In re Westview 74th Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986).

exist in the future against the Landlord for which the Debtor may be obligated to indemnify and defend the Landlord. The Landlord reserves its right under the Lease and all applicable law to assert a claim for any and all amounts which may be due and owing for any currently unknown and/or unasserted claim against the Landlord that may presently exist or may exist in the future for which the Debtor may be obligated to indemnify and defend the Landlord.

## RESERVATION OF RIGHTS

11. Landlord does not waive (and expressly reserves) its right to amend, modify and supplement this objection at or prior to the conclusion of the hearing to consider this objection. The Landlord reserve its right to supplement this Objection prior to any final determination by the Court regarding assumption (and, if applicable assignment) of the Lease, including the amount and payment required for purposes of cure under Section 365 of the Bankruptcy Code.

12. The Landlord further reserves the right to object to any other relief sought by the Debtor in connection with any proposed assignment to a third party including, without limitation, any proposed showing of adequate assurance of future performance for any purchaser if assigned. This Reservation of Rights is not intended to be, nor should be construed as, a waiver by the Landlord of any of its rights under the Lease, the Bankruptcy Code, or applicable law. The Landlord files this Objection and Reservation of Rights to reserve and preserve any and all rights in connection with any proposed assumption and assignment of its Lease.

## CONCLUSION

WHEREFORE, Landlord respectfully requests the entry of an order (i) establishing the cure amount for the Lease of at least **$37,808.32** and requiring the payment of such amount; and (ii) for such other and further relief to which Landlord may be entitled to pursuant to the Lease, applicable law or in equity.

Dated: November 21, 2023

                                        Respectfully submitted,

                                        **WOMBLE BOND DICKINSON (US) LLP**

                                        */s/ Todd A. Atkinson*
                                        Todd A. Atkinson
                                        717 Texas Avenue, Suite 2100
                                        Houston, Texas 77002
                                        Telephone:    (346) 998-7801
                                        Facsimile:      (346) 998-5901
                                        Email:             todd.atkinson@wbd-us.com

                                        *Counsel for Rutherford Medical Offices, LLC*

## **CERTIFICATE OF SERVICE**

      I certify that on November 21, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                   */s/ Todd A. Atkinson*
                                                   Todd A. Atkinson